

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :
                                   :
         - v. -                    :    SEALED INDICTMENT
                                   :
SIVENDRAN VETTIVETPILLAI,           :    (S1) 19 Cr.
                                   :
         Defendant.                :
                                   :
- - - - - - - - - - - - - - - - - X
```

**19 CRIM 233**

**COUNT ONE**
**(Conspiracy to Commit Securities Fraud and Wire Fraud)**

The Grand Jury charges:

Background

1. At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") was the chief executive officer of the Abraaj Group ("Abraaj"), a global private equity firm founded by CC-1 in 2002, with offices around the globe, including in Manhattan, New York.

2. At all times relevant to this Indictment, SIVENDRAN VETTIVETPILLAI, the defendant, was a managing partner of Abraaj with a role in the oversight of the Healthcare Fund.

3. By January 2018, Abraaj claimed to manage more than $13 billion in assets through a series of private equity funds focused on emerging markets. These funds included Abraaj Private Equity Fund IV ("APEF IV") and the Abraaj Growth Markets Healthcare Fund (the

"Healthcare Fund").

4. In 2017 and early 2018, Abraaj was in the process of raising $6 billion for a new fund, Abraaj Private Equity Fund VI ("APEF VI"), based on its reputation as a pioneer in emerging markets private equity investing and track record of positive performance with respect to prior Abraaj funds, including APEF IV and the Healthcare Fund.

5. Investors in Abraaj's private equity funds included several United States financial institutions, United States retirement and pension funds, a United States philanthropic foundation, and an agency of the United States Government.

Overview of the Fraud Scheme

6. Between at least in or about 2014 and in or about 2018, SIVENDRAN VETTIVETPILLAI, the defendant, and CC-1, together with others, devised and carried out a scheme to defraud investors by (a) depriving them of accurate information about material aspects of Abraaj's financial health, including information critical to investment decisions, and (b) misappropriating investor funds for illicit purposes.

7. As part this scheme to defraud investors, SIVENDRAN VETTIVETPILLAI, the defendant, and CC-1, together with others, caused Abraaj to provide investors and potential investors with false and inflated valuation and performance metrics for various Abraaj funds through the material mismarking of investments made

2

by those funds. By fraudulently claiming that Abraaj funds were more successful than they were, these inflated valuations deprived investors of accurate information on which to base their investment decisions and enabled Abraaj to collect higher investor fees than it was actually entitled to receive. In total, Abraaj inflated the valuations of investments in private equity funds, including APEF IV, by more than half a billion dollars.

8. As a further part of this scheme to defraud investors, SIVENDRAN VETTIVETPILLAI, the defendant, and CC-1, together with others, caused Abraaj to misappropriate investor monies that had been advanced by investors for the purpose of making particular fund investments in underlying projects and businesses, including investments through APEF IV and the Healthcare Fund, and secretly diverted these funds to cover undisclosed liquidity shortfalls within Abraaj, thereby further concealing from investors Abraaj's true financial condition. Funds were also often diverted for the personal benefit of CC-1 and his close associates, including VETTIVETPILLAI. In total, Abraaj misappropriated at least hundreds of millions of investors' funds.

9. To cover up this scheme, SIVENDRAN VETTIVETPILLAI, the defendant, and CC-1, together with others, caused Abraaj to provide materially misleading responses to investor inquiries concerning the value of fund investments and how investor funds were being used. Abraaj also provided false information to

financial institutions in order to obtain additional funds used to conceal Abraaj's true financial condition. Abraaj also promoted and sustained the fraud schemes through lies and omissions to financial regulators.

### Abraaj Collapses

10.  In 2018, Abraaj collapsed amidst allegations of misconduct, including fraud and misappropriation of investor assets, and became the world's largest private equity insolvency. In June 2018, Abraaj Investment Management Limited ("AIML"), the Abraaj entity that managed its private equity funds, and Abraaj Holdings Limited (AHL), the holding company that owned AIML, were forced into liquidation proceedings.

### **Statutory Allegations**

11.  From at least in or about 2014 up to and including in or about May 2018, in the Southern District of New York and elsewhere, SIVENDRAN VETTIVETPILLAI, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and wire fraud, in violation of Title 18, United States Code, Section 1343.

12.  It was a part and an object of the conspiracy that

SIVENDRAN VETTIVETPILLAI, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

13. It was further a part and an object of the conspiracy that SIVENDRAN VETTIVETPILLAI, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such

scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Overt Acts

14. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. In or about November 2017, CC-1 made a presentation to investors in various Abraaj funds at an investor meeting in Manhattan, New York, and, in his remarks, presented false and misleading information about the financial condition of Abraaj.

   b. In or about January 2018, SIVENDRAN VETTIVETPILLAI, the defendant, advocated in an email to others at Abraaj, including CC-1, that Abraaj should delay marking down positions held by Abraaj investment funds until Abraaj had completed its fundraising for APEF VI.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

15. The allegations set forth in paragraphs 1 through 10 and 14 are repeated, realleged and incorporated by reference as if fully set forth herein.

16. From at least in or about 2014, up to and including

in or about May 2018, in the Southern District of New York and elsewhere, SIVENDRAN VETTIVETPILLAI, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, VETTIVETPILLAI deceived and caused others to deceive investors and potential investors in Abraaj private equity funds concerning Abraaj's financial condition and the value of Abraaj funds, and misappropriated investor funds for illicit purposes.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

17. The allegations set forth in paragraphs paragraphs 1 through 10 and 14 are repeated, realleged and incorporated by reference as if fully set forth herein.

18. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, SIVENDRAN VETTIVETPILLAI, the defendant, willfully and knowingly, having devised and intending to devise an artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, VETTIVETPILLAI made and caused others to make false and misleading statements to investors and potential investors in Abraaj private equity funds concerning Abraaj's financial condition and the value of investments held by Abraaj funds, and misappropriated investor funds for illicit purposes.

(Title 18, United States Code, Sections 1343 and 2.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**SIVENDRAN VETTIVETPILLAI,**

Defendant.

**SEALED INDICTMENT**

S1 19 Cr.

(15 U.S.C. §§ 78j(b) & 78ff;
17 C.F.R. § 240.10b-5; and
18 U.S.C. §§ 371, 1343 & 2.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

4/2/19  TRUE BILL & SEALED INDICTMENT
MAG. ROBERT LEHRBURGER