L7Q3VETP                     Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                              19 CR 233 (LAK)

SIVENDRAN VETTIVETPILLAI,

             Defendant.

------------------------------x

                             New York, N.Y.
                             July 26, 2021
                             10:30 a.m.

Before:

                  HON. SARAH NETBURN,

                            Magistrate Judge

                    APPEARANCES

AUDREY STRAUSS
    United States Attorney for the
    Southern District of New York
ANDREW THOMAS
ANDREA GRISWOLD
MATTHEW PODOLSKY
    Assistant United States Attorneys

PERRY GUHA, LLP
    Attorneys for Defendant
SAMIDH GUHA

ALSO PRESENT:
Pretrial Services Officer Dayshawn Bostic
Special Agent Nicholas Kroll, FBI

L7Q3VETP                          Plea

1          (Via teleconference)

2          THE COURT:  Good morning.  This is Judge Netburn.

3          THE DEPUTY CLERK:  Good morning, your Honor.  This is

4    the matter of United States v. Sivendran Vettivetpillai, 19 CR

5    233.

6          Starting with the government, could you please state

7    your appearance for the record.

8          MR. THOMAS:  Good morning, your Honor.  Andrew Thomas,

9    Andrea Griswold and Matthew Podolsky for the United States.

10         THE COURT:  Thank you.  On behalf of defense?

11         MR. GUHA:  Good morning, your Honor.  Samidh Guha from

12   the law firm of Perry Guha, LLP, on behalf of our client who is

13   on the phone, Mr. Vettivetpillai.

14         Before we start, Judge, I want to thank both your

15   chambers and the government for all efforts to help make

16   this -- set this up.  Mr. Vettivetpillai is in London for these

17   proceedings.

18         THE COURT:  Thank you.

19         Mr. Vettivetpillai, can you hear me?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Okay.  Let me just confirm that I

22   understand all of the things that we need to do this morning.

23   I believe that I need to first conduct an initial presentment

24   and an arraignment for the defendant, at which time, if I'm

25   correct that's what I need to do, I assume the defendant will

L7Q3VETP                      Plea

1    plead not guilty to the charges in the superseding indictment.

2    And then we will proceed to the guilty plea, and I believe also

3    bail needs to be set.

4              Mr. Thomas, is all of that correct?

5              MR. THOMAS:  Yes, that is all correct, your Honor.

6              THE COURT:  He has not been presented before the court

7    at all on the superseding indictment?

8              MR. THOMAS:  He has not.  Mr. Vettivetpillai

9    surrendered himself to the custody of the United Kingdom on

10   April 16, 2019, and his formal extradition was requested by the

11   United States, but today is the first day in this virtual

12   format that Mr. Vettivetpillai is appearing in a United States

13   court.

14             THE COURT:  So, Mr. Vettivetpillai, we're going to go

15   through a number of proceedings this morning.  We're going to

16   begin to make sure you understand your rights to appear in

17   person.  Then we're going to proceed to your arraignment.  An

18   arraignment is the time when I'm going to explain to you all of

19   your initial rights and make sure you understand the charges in

20   the indictment.  And then I'm going to ask you to enter a plea

21   for purposes of your arraignment.  Typically, a defendant

22   pleads not guilty at that time.  I know that you are here today

23   for the purposes of entering a plea of guilty as to certain

24   counts in the indictment.  But at the arraignment period, it is

25   typical that a defendant plead not guilty.  We'll then proceed

L7Q3VETP                    Plea

 1    to the plea proceeding, at which time I will indicate to you

 2    that it's my understanding that you wish to change your plea

 3    from not guilty to guilty as to certain counts.

 4              Do you understand all of that so far,

 5    Mr. Vettivetpillai?

 6              THE DEFENDANT:  Yes, your Honor.

 7              THE COURT:  Do you need any time to speak with your

 8    lawyer privately before we proceed?

 9              THE DEFENDANT:  Not necessary right now, your Honor.

10              THE COURT:  All right.  So let's proceed.

11              First I want to note we are proceeding remotely by

12    telephone because of the pandemic, and pursuant to the

13    authority provided under the CARES Act, Section 15002, and the

14    standing orders of our court, ordinarily, sir, you would have

15    the right to appear in person before the Court for your initial

16    presentment, your arraignment as well as your guilty plea

17    proceeding.  But you have the right to waive that in-person

18    physical appearance and proceed remotely by telephone.

19              Have you spoken with your lawyer about your right to

20    appear in person?

21              THE DEFENDANT:  Yes, your Honor.

22              THE COURT:  Have you discussed with him your

23    willingness to waive that right and to appear before the Court

24    solely by telephone?

25              THE DEFENDANT:  Yes, your Honor.

L7Q3VETP                        Plea

1          THE COURT:  The Court, Judge Kaplan, has issued an

2    order indicating that, in light of the pandemic, because of the

3    interest of justice and the desire to proceed expeditiously,

4    that this proceeding can go forward remotely either by

5    telephone or by videoconference, if such videoconference is

6    reasonably available.  I understand that it is not reasonably

7    available at this time and that we will proceed by telephone.

8    Is that your understanding as well, sir?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Just for the record, do you in fact

11    consent to proceed for your initial arraignment and your plea

12    proceeding by telephone?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  I'll note your consent on the record.

15          Mr. Thomas, I believe you indicated that the defendant

16    self-surrendered today; is that correct?

17          MR. THOMAS:  Your Honor, this proceeding, yes, is

18    effectively Mr. Vettivetpillai's voluntary appearance in the

19    United States court system.  Originally, he surrendered to

20    authorities in United Kingdom based on a provisional arrest

21    warrant that was issued at the request of the United States

22    there.  And that was on April 16, 2019.

23          THE COURT:  Thank you.

24          Sir, we're going to begin with your arraignment.  So

25    the purpose of this proceeding is to advise you of certain

L7Q3VETP                    Plea

1    rights that you have, inform you of the charges against you,

2    consider whether counsel need to be appointed for you, and

3    decide under what conditions, if any, you shall be released.

4            I'm now going to explain certain Constitutional rights

5    that you have.  You have the right to remain silent.  You are

6    not required to make any statements.  Even if you've already

7    made statements to the authorities, you need not make any

8    further statements.  Any statements that you do make can be

9    used against you.  You have the right to be released either

10   conditionally or unconditionally pending trial, unless I find

11   that there are no conditions that would reasonably assure your

12   presence in court or the safety of the community.  You have the

13   right to be represented by an attorney during all court

14   proceedings, including this one, and during all questioning by

15   the authorities.  If you cannot afford an attorney, I'll

16   appoint one to represent you.  It is my understanding, sir,

17   that you have retained counsel.  If at any point in time you

18   are unable to afford counsel, you can petition the Court to

19   have counsel appointed at the government's expense and at no

20   cost to you.

21           THE DEFENDANT:  I understand.

22           THE COURT:  Sir -- thank you.

23           You have been indicted in a multi-count indictment.  I

24   want to go over those charges to make sure that you understand

25   the nature of those charges.

L7Q3VETP                        Plea

1          You've been charged in Count One with a racketeering

2    conspiracy that is alleged to have been conducted from at least

3    in or about 2014 up to and including April 2018.  That's a

4    violation of Title 18 of the United States Code, Section

5    1962(d).

6          Count Two charges you with conspiracy to commit

7    securities fraud from at least in or about 2014 up to and

8    including April 2018.  That's a violation of Title 18 of the

9    United States Code Section, 371.

10          Count Three charges you with the act of securities

11    fraud in connection with APEF IV.  That is a violation of Title

12    15 of the United States Code, Sections 78j(b) and 78ff, and

13    Title 17 of the Code of Federal Regulations, Section 240.10b-5,

14    and Title 18 of the United States Code, Section 2.

15          Count Four and Five each charge you with securities

16    fraud from at least in or about 2014 up to and including May of

17    2018.  That's a violation of Title 15 of the United States

18    Code, Sections 78j(b) and 78ff, and Title 17 of the Code of

19    Federal Regulations, Section 240.10b-5, and Title 18 of the

20    United States Code, Section 2.

21          Count Six charges you with conspiracy to commit wire

22    fraud from at least in or about April 2014 up to and including

23    in or about May 2018 in violation of Title 18 of the United

24    States Code, Section 1349.

25          Count Seven charges you with wire fraud in connection

L7Q3VETP                       Plea

with APEF IV, and that is a violation of Title 18 of the United

States Code, Sections 1343 and 2.

Count Eight charges you with the act of wire fraud in

connection with a health care fund.  That's a violation of

Title 18, United States Code, Section 1343 and 2.

Count Nine charges you with wire fraud in connection

with APEF VI.  That's a violation of Title 18, United States

Code, Section 1443 and 2.

Count 10 charges you with concealment money laundering

conspiracy.  That is a violation of Title 18 of the United

States Code Section 1956(h).

Count 11 charges you with concealment money laundering

in violation of Title 18 of the United States Code, Sections

1956(a)(1)(B)(i) and 2.

Count 12 charges you with international promotional

money laundering conspiracy, a violation of Title 18 of the

United States Code, Section 1956(h).

Count 13 charges you with international promotional

money laundering, a violation of Title 18 of the United States

Code, Sections 1956(a)(2)(A) and 2.

Count 14 charges you with conspiracy to defraud the

United States to steal public funds and to steal from employee

benefit plans.  That is a violation of Title 18 of the United

States Code, Section 371.

And Count 15 charges you with theft of public funds.

L7Q3VETP                    Plea

1    That's a violation of Title 18 of the United States Code,

2    Sections 641 and 2.

3              I believe that is all.

4              Sir, have you received a copy of this superseding

5    indictment?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Have you had an opportunity to discuss the

8    charges with your lawyer?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  For purposes of this arraignment only, how

11   do you plead to the charges?

12             THE DEFENDANT:  Not guilty, your Honor.

13             THE COURT:  Thank you.  So I'll enter a plea of not

14   guilty as to the charges in the superseding indictment.

15             I understand that the parties have discussed an

16   appropriate bail package on this case; is that correct?

17             MR. THOMAS:  This is Andrew Thomas.  Yes, your Honor.

18   The government proposed, and we understand the defense accepts,

19   the following proposed bail conditions.

20             THE COURT:  Okay.

21             MR. THOMAS:  That the defendant be permitted to reside

22   in the United Kingdom; that he be permitted to travel within

23   the United Kingdom and to the United States, but no other

24   travel; that he surrender his travel documents to counsel in

25   the United Kingdom; that he agree to make no new applications

L7Q3VETP                    Plea

1    without notice and permission to pretrial; that he be released

2    on a personal recognizance bond in the amount of $10 million to

3    be partially secured by $100,000 in cash, and equity in a

4    residential property which the government understands from

5    representations by defense counsel is currently approximately

6    $678,000.  And that further --

7           THE COURT:  Sorry.  Do you want to put on the record

8    where the property is?

9           MR. THOMAS:  Mr. Guha, would you be able to do that?

10          MR. GUHA:  If you can give me one moment.  Let me pull

11   the address up.  Unless I can at the end of the conference,

12   Judge, if that's okay.

13          THE COURT:  Sure.  I have a couple of addresses here.

14   I don't know if any of them was the addresses.

15          There is one on Copse Wood Way in Northwood.  I don't

16   know if that's the address.  I have an address on Glenthrope

17   Road.  I have one on Queens Gate Terrace.  Those are the ones

18   in the U.K.

19          There is some property in Dubai and a property in Sri

20   Lanka as well.

21          MR. GUHA:  I believe it's the Dubai property.

22          THE DEFENDANT:  That is correct, your Honor.

23          THE COURT:  So the $10 million bond is being proposed

24   to be secured by $100,000 in cash, and an equity interest in

25   the property located at Unit 5D3 Limestone House, DIFC, in

L7Q3VETP                        Plea

 1    Dubai, United Arab Emirates.

 2               MR. GUHA:  Yes, your Honor.

 3               THE COURT:  Thank you.

 4               Mr. Thomas, anything further?

 5               MR. THOMAS:  Yes, your Honor.  In addition, the bond

 6    would be cosigned by two financially responsible persons.  And

 7    the government would agree that the defendant may satisfy these

 8    conditions within the next two weeks.

 9               THE COURT:  Thank you.  Anything to add to that?

10               MR. GUHA:  Your Honor, I would just add one thing.

11    And forgive me if Mr. Thomas already mentioned this.  My client

12    executed a waiver of extradition, to put that issue at rest as

13    well.

14               THE COURT:  Mr. Thomas, are you aware that the waiver

15    of extradition has been executed?

16               MR. THOMAS:  Mr. Guha informed the government of that

17    last week, your Honor, yes.

18               THE COURT:  Okay.  All right.  Thank you, everybody.

19               In light of my review of the superseding indictment,

20    and the report from our pretrial services officer and on the

21    consent of both parties, I am going to approve the proposed

22    bail package.

23               The defendant will continue to reside in the United

24    Kingdom, and he will be permitted to travel within the United

25    Kingdom and to the United States for purposes of appearing in

L7Q3VETP                        Plea

court, and no other travel.  His travel documents need to be

surrendered to his U.K. counsel, and he is prohibited from

making any new travel applications.  His bond will be set at

$10 million, and it's to be secured by $100,000 in cash and the

property located in the United Arab Emirates, and the bond must

also be cosigned by two financially responsible people and

he'll have until August 9 to satisfy those bond conditions.

        Let me warn you if you fail to appear in court or if

you violate any of the conditions of your release, a warrant

will be issued for your arrest, and you and anyone who signed

the bond will be responsible for paying the full amount, $10

million, and you may also be charged with a separate crime of

bail jumping.  In addition, if you commit an offense while you

are released, you may be subject to a more severe punishment

than you would receive if you had committed the offense at any

other time.

        Mr. Vettivetpillai, we have now completed the initial

proceeding for this case.  You have been arraigned on the

indictment, and we've set your bail.  We are now going to move

forward to the plea proceeding.

        Are you prepared to move into that proceeding or do

you need time to speak with your lawyer?

        THE DEFENDANT:  I'm fine, your Honor, to move forward.

        THE COURT:  All right.  Okay.  Let me just make a

request.  I am going to be speaking mostly with the defendant.

L7Q3VETP                        Plea

1   So if I can ask that everybody else on the line mute their

2   phones.  We have a little bit of background static which makes

3   it difficult for the court reporter.

4           Sir, we have already gone through your consent.  I

5   just want to confirm again that you have consented to continue

6   with this proceeding and enter a guilty plea to certain charges

7   by appearing by telephone; is that correct, sir?

8           THE DEFENDANT:  That is correct, your Honor.

9           THE COURT:  In addition, I have before me a consent to

10  proceed before a United States magistrate judge on a felony

11  plea allocution that you have signed.  What this form says is,

12  knowing you have the right to have this plea taken by a United

13  States district judge, you are agreeing to have this plea taken

14  by me, a United States magistrate judge.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Before you signed this form, did you

18  discuss it with your lawyer?

19          THE DEFENDANT:  Yes, I did, your Honor.

20          THE COURT:  As we have discussed, you have been

21  charged in a superseding indictment.

22          Mr. Thomas, can I just ask you, I know that the

23  defendant is pleading guilty to many of the counts but not all

24  of them.  Are all of the counts to which the defendant intends

25  to plead guilty, those counts he was charged in?  Are there

L7Q3VETP                              Plea

1   other counts he is not pleading guilty to but that he is

2   charged in?

3          MR. THOMAS:  Your Honor, the agreement reached by the

4   parties contemplates that Mr. Vettivetpillai will plead guilty

5   to a subset of the counts in which he is charged.

6   Particularly, he'll plead guilty to Counts One, Two, Four,

7   Five, Six, Eight, Nine, 14, and 15.  But not the other counts

8   in which he is named.

9          THE COURT:  Okay.  I notice he was not named in Count

10  16 for instance.  Is he named in Count Three?

11         MR. THOMAS:  Yes, your Honor.  He is named in Count

12  Three and Count Five, and I think practically speaking those

13  are the two that he is charged in but is not being required to

14  plead guilty to, pursuant to the agreement.

15         THE COURT:  The agreement that I have indicates that

16  he is going to be pleading guilty to Count Five.  Is that not

17  correct?

18         MR. THOMAS:  I'm sorry, your Honor.  Count Seven.  My

19  mistake.

20         THE COURT:  All right.

21         Mr. Vettivetpillai, I want to go over briefly those

22  counts to which you have been charged and which I understand

23  you intend to change your plea and enter a plea of guilty.

24         It is my understanding that you intend to enter a

25  guilty plea as to Count One, which charges you with

racketeering conspiracy; Count Two, which charges you with

conspiracy to commit securities fraud; Counts Four and Five,

which charges you with the act of securities fraud; Count Six,

which charges you with conspiracy to commit wire fraud; Count

Eight, which charges you with the act of wire fraud; Count

Nine, which also charges you with the act of wire fraud; Count

14, which charges you with conspiracy to defraud the United

States; and Count 15, that charges you with theft of public

funds.

It is my understanding that you wish to change your

plea as to those counts and to enter a plea of guilty.  Is that

correct, sir?

THE DEFENDANT:  That is correct, your Honor.

THE COURT:  Before deciding whether to accept your

guilty plea, I'm going to ask you certain questions.  It is

very important that you answer these questions honestly and

completely.  The purpose of these proceedings is to make sure

that you understand your rights, to decide whether you are

pleading guilty of your own free will, and to make sure that

you're pleading guilty because you are guilty and not for some

other reason.

Do you understand what I'm saying?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you don't understand any of my

questions or if you want an opportunity to speak with your

1    lawyer, please say so, because it is important that you

2    understand every question before you answer.  Will you do that?

3                THE DEFENDANT:  Yes, I will.

4                THE COURT:  Ms. Slusher, can you please swear in the

5    defendant.

6                (Defendant sworn)

7                THE DEPUTY CLERK:  Could you please state your full

8    name for the record.

9                THE DEFENDANT:  Sivendran Vettivetpillai.

10               THE COURT:  Thank you, sir.

11               You understand that you are now under oath, and if you

12   answer any my questions falsely, you can be prosecuted for

13   perjury?

14               Sir, how old are you?

15               THE DEFENDANT:  54.

16               THE COURT:  Am I correct that you are not a citizen of

17   the United States?

18               THE DEFENDANT:  You're right, I'm not a citizen of the

19   United States.

20               THE COURT:  What countries are you a citizen of?

21               THE DEFENDANT:  I'm a citizen of United Kingdom and

22   Sri Lanka.

23               THE COURT:  Sir, do you understand that as a result of

24   your conviction, that it is likely that you will face

25   immigration consequences in the United States, including that

L7Q3VETP                    Plea

1    you may be prohibited from entering the United States in the

2    future, and you may be prohibited from being naturalized as a

3    United States citizen?

4                    Do you understand that?

5                    THE DEFENDANT:  Yes, your Honor.

6                    THE COURT:  Do you understand that you will have no

7    right to withdraw your guilty plea based on any actual or

8    perceived adverse immigration consequences resulting from that

9    plea and conviction?

10                    Do you understand that?

11                    THE DEFENDANT:  Yes, your Honor, I do understand that.

12                    THE COURT:  In your plea agreement, which we will

13    discuss in more detail later, you are agreeing that you will

14    not challenge your conviction or sentence on direct appeal or

15    through a motion often called a habeas motion, based on any

16    actual or perceived adverse immigration consequences.

17                    Do you understand that?

18                    THE DEFENDANT:  I do understand that, your Honor.

19                    THE COURT:  Sir, how far did you go in school?

20                    THE DEFENDANT:  Graduate degree.

21                    THE COURT:  I assume you can read English.

22                    THE DEFENDANT:  Yes, I can.

23                    THE COURT:  Are you currently or have you recently

24    been under the care of a doctor or a psychiatrist for any

25    reason?

L7Q3VETP                    Plea

1          THE DEFENDANT:  No, I'm not.

2          THE COURT:  Have you taken any mind-altering drugs,

3    medicine or pills or consumed any alcohol in the last 24 hours?

4          THE DEFENDANT:  No, I have not, your Honor.

5          Can I just answer the previous question that you

6    asked?  Can you ask the previous question again, please.

7          THE COURT:  I asked whether you were currently or

8    recently under the care of a doctor or a psychiatrist for any

9    reason.

10         THE DEFENDANT:  I am under -- I have a heart problem

11   and diabetes, so I'm under medication and the review of the

12   cardiologist.

13         THE COURT:  Does that condition prevent you from

14   understanding what's going on in today's proceeding?

15         THE DEFENDANT:  No, it does not.

16         THE COURT:  Does it prevent you from answering my

17   questions honestly and truthfully?

18         THE DEFENDANT:  No, it does not prevent me.

19         THE COURT:  Let me just ask the same question with

20   respect to any medication you're taking for your heart

21   condition.  Does that medication interfere with your ability to

22   understand today's proceeding or to answer my questions

23   honestly?

24         THE DEFENDANT:  No, it does not.

25         THE COURT:  Thank you.

L7Q3VETP                        Plea

1              Is your mind clear today?

2              THE DEFENDANT:  Yes, it is, your Honor.

3              THE COURT:  Do you understand what's happening in this

4    proceeding?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  Does the government have any objection to

7    the defendant's competence to enter a guilty plea at this time?

8              MR. THOMAS:  No, your Honor.

9              THE COURT:  And Mr. Guha, do you have any objection to

10   the defendant's competence to enter a guilty plea at this time?

11             MR. GUHA:  No, your Honor, not at all.

12             THE COURT:  Sir, have you received a copy of the

13   written version of the charges against you in this case, known

14   as the indictment?

15             THE DEFENDANT:  Yes, your Honor, I have.

16             THE COURT:  Have you read it?

17             THE DEFENDANT:  Yes, I have.

18             THE COURT:  Do you understand what it says?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  You have the right to have this indictment

21   read to you in open court.  Would you like me to read the

22   indictment to you?

23             THE DEFENDANT:  Not necessary, your Honor.

24             THE COURT:  As we've discussed, you are charged in

25   multiple counts for racketeering conspiracy, conspiracy to

L7Q3VETP                    Plea

1    commit securities fraud and wire fraud, the acts of securities

2    fraud and wire fraud, as well as conspiracy to defraud the

3    United States and the theft of public funds.

4              Do you understand all that?

5              THE DEFENDANT:  Yes, your Honor, I do.

6              THE COURT:  Have you had time to talk with your

7    attorney about these charges and about how you wish to plead?

8              THE DEFENDANT:  Yes, I have.

9              THE COURT:  Has he told you the consequences of

10   pleading guilty?

11             THE DEFENDANT:  Yes, he has.

12             THE COURT:  Are you satisfied with your attorney's

13   representation of you?

14             THE DEFENDANT:  Yes, I am satisfied.

15             THE COURT:  Mr. Vettivetpillai, I'm now going to

16   explain certain Constitutional rights that you have.  These are

17   rights you will be giving up if you enter a guilty plea.

18   Please listen carefully to what I'm about to say, and if you

19   don't understand something, please stop me and your attorney or

20   I will explain the matter more fully.  Okay?

21             THE DEFENDANT:  Okay.

22             THE COURT:  Under the Constitution and the laws of the

23   United States, you have the right to plead not guilty to the

24   charges contained in this indictment.

25             Do you understand that?

L7Q3VETP                        Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  If you pled not guilty, you would be

3    entitled under the Constitution to a speedy and public trial by

4    a jury of those charges.  At that trial you would be presumed

5    innocent, and the government would be required to prove you

6    guilty beyond a reasonable doubt before you could be found

7    guilty.  That means you would not have to prove that you are

8    innocent, and you would not be convicted unless a jury 12

9    people agreed unanimously that you are guilty beyond a

10   reasonable doubt.

11          Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  If you decided to go to trial, at that

14   trial and at every stage of your case, you would have the right

15   to be represented by an attorney.  As I stated earlier, if you

16   cannot afford an attorney, an attorney would be appointed to

17   represent you at the government's expense and at no cost to

18   you.  If you retained a defense counsel and ran out of money,

19   an attorney could be appointed to continue to represent you.

20   When an attorney is appointed, that attorney is appointed to

21   handle your case all the way through trial, and not just for a

22   guilty plea.  So your decision to plead guilty should not

23   depend on whether you can afford to hire an attorney.

24          Do you understand that?

25          THE DEFENDANT:  Yes, your Honor.

L7Q3VETP                        Plea

1              THE COURT:  During a trial, the witnesses for the

2    prosecution would have to come to court and testify in your

3    presence where you could see and hear them and your lawyer

4    could cross-examine those witnesses.  If you wanted, your

5    lawyer could offer evidence on your behalf.  You would be able

6    to use the Court's power to compel witnesses to come to court

7    to testify in your defense, even if they did not want to come.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor, I do understand that.

10             THE COURT:  At a trial you would have the right to

11   testify in your own defense if you wanted to, but you would

12   also have the right not to testify, and if you chose not to

13   testify, that cannot be used against you in any way.  No

14   inference or suggestion of guilt could be made from the fact

15   that you did not testify.

16             Do you understand that?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  If you are convicted at trial, you would

19   have the right to appeal that verdict to a higher court.

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  As I said before, you have the right to

23   plead not guilty.  Even right now, even as you sit here today

24   for the purposes of entering a guilty plea, you have the right

25   to change your mind, persist in your not guilty plea, and

L7Q3VETP                    Plea

proceed to trial.  But if you did plead guilty and I accept

your plea, you will give up a trial and all of the other rights

that I have just described.  If you plead guilty, there will be

no trial.  All that will remain to be done will be to impose a

sentence.  You and the government will have a chance to make

arguments about what that sentence should be, but there will

not be any further trial to determine whether you are guilty or

not guilty of the charges to which you pled guilty.

            Do you understand that?

            THE DEFENDANT:  Yes, your Honor, I do.

            THE COURT:  Do you understand that the decision as to

the appropriate sentence in your case will be entirely up to

the sentencing judge, and that that judge will be limited only

by what the law requires?  This means that even if you are

surprised or disappointed by your sentence, you will still be

bound by your guilty plea.

            Do you understand that?

            THE DEFENDANT:  Yes, your Honor.

            THE COURT:  Finally, if you do plead guilty, you are

also giving up your right not to incriminate yourself, and I

will ask you questions about what you did in order to satisfy

myself that you are actually guilty.  By pleading guilty you

will be admitting to your factual as well as your legal guilt.

            Do you understand that?

            THE DEFENDANT:  Yes, your Honor.

L7Q3VETP                    Plea

1          THE COURT:  You already said earlier that you read the

2   indictment and you understand the charges against you.  What

3   I'm going to do now is to ask the United States attorney to

4   state the elements of each of the charges to which you've

5   indicated you intend to plead guilty.  The elements are the

6   things that government would have to prove beyond a reasonable

7   doubt if the case were to proceed to trial.

8          Mr. Thomas, why don't you proceed.

9          MR. THOMAS:  Yes, your Honor.

10          With respect to Count One, the racketeering

11   conspiracy, the government would be required to prove:

12          First, that the enterprise alleged in the indictment

13   existed; second, that the enterprise affected interstate or

14   foreign commerce; third, that the defendant was associated with

15   or employed by the enterprise; and fourth, that the defendant

16   knowingly and willfully conspired with at least one other

17   person to participate in the conduct of the affairs of the

18   enterprise through a pattern of racketeering activity, meaning

19   that a member of the conspiracy would commit at least two

20   predicate acts.

21          Here, the indictment alleges at paragraph 107 the

22   categories of relevant predicate acts, which include acts

23   involving fraud in the sale of securities, acts relating to

24   embezzlement from pension and welfare funds, acts related to

25   wire fraud, acts relating to financial institution fraud, and

1    acts relating to the laundering of monetary instruments.

2            With respect to Count Two, the securities fraud

3    conspiracy, the government would be required to prove:

4            First, that two or more persons entered the unlawful

5    agreement charged in the indictment; second, that the defendant

6    knowingly and willfully became a member of the conspiracy;

7    third, that one of the members of the conspiracy knowingly

8    committed at least one of the overt acts charged in the

9    indictment; and fourth, that at least one overt act was

10   committed to further some objective of the conspiracy.

11           Here the indictment alleges at paragraph 117 the

12   relevant overt acts.

13           With respect to Counts Four and Five, which allege

14   substantive security fraud, the government would be required to

15   prove:

16           First, in connection with the purchase or sale of the

17   securities, the defendant did any one or more of the following:

18           Employed a device, scheme or artifices to defraud, or

19   made an untrue statement of a material fact or omitted to state

20   a material fact which made what was said under the

21   circumstances misleading, or engaged in an act, practice or

22   course of business that operated or would operate as a fraud or

23   deceit upon a purchaser or seller;

24           Second, that the defendant acted willfully, knowingly

25   and with the intent to defraud; and

L7Q3VETP                          Plea

1          Third, that the defendant knowingly used or caused to

2    be used any means or instruments of transportation or

3    communication in interstate or foreign commerce or the use of

4    the mails in furtherance of the fraudulent conduct.

5          With respect to Count Six, the wire fraud conspiracy,

6    the government would be required to prove:

7          First, that such a conspiracy existed; and second,

8    that the defendant knowingly and intentionally became a member

9    of that conspiracy.

10          With respect to Counts Eight and Nine, which charge

11    substantive wire fraud, the government would be required to

12    prove:

13          First, that there was a scheme or artifice to defraud

14    or to obtain money or property by materially false and

15    fraudulent pretenses, representations, or promises; second,

16    that the defendant knowingly and willfully participated in the

17    scheme or artifice to defraud with knowledge of its fraudulent

18    nature and with the specific intent to defraud; and third, that

19    in the execution of the scheme, the defendant used or caused

20    the use of interstate or foreign wires such as telephone calls,

21    e-mails, or the transmission of money through the use of wire

22    transfers.

23          With respect to Count 14, which alleges the conspiracy

24    to defraud the United States, the government would be required

25    to prove:

1           First, that two or more persons entered the unlawful

2     agreement charged in the indictment; second, the defendant

3     knowingly and willfully became a member of the conspiracy;

4     third, that one of the members of the conspiracy knowingly

5     committed at least one overt act charged in the indictment; and

6     fourth, that at least one overt act was committed to further

7     some objective of the conspiracy.

8           With respect to Count 14, the relevant overt acts are

9     alleged at paragraph 150 of the indictment.

10          Finally, for Count 15, which alleges the theft of

11    public funds, the government would be required to prove:

12          First, that money or property described in the

13    indictment belonged to the United States government or one of

14    its agencies; second, that the defendant stole or embezzled or

15    knowingly converted that property; third, that the defendant

16    acted knowingly and willfully with the intent to deprive the

17    government the use and benefit of its property; and four, that

18    the value of the property was greater than 1,000.

19          In addition, the government would be required by a

20    preponderance to establish the appropriate venue.

21          THE COURT:  Thank you.

22          Sir, I'm now going to tell you the maximum possible

23    penalties for these crimes.  The maximum means the most that

24    could possibly be imposed.  It does not necessarily mean that

25    this is what you will receive.  But you need to understand that

L7Q3VETP                    Plea

1  by pleading guilty here today, you are exposing yourself to the

2  possibility of receiving any combination of punishments up to

3  the maximum that I'm about to describe.

4            Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  First I'm going to tell you about the

7  possible restrictions on your liberty.  I'm going to go over

8  each count with respect to conditions of imprisonment and

9  supervised release.

10            First let me explain to you that supervised release

11  means that if you are sentenced to prison, and thereafter

12  released from prison, you may be subject to supervision by the

13  probation department.  You should understand that if you are

14  placed on supervised release, and thereafter violate any of the

15  terms or conditions of that release, you may be subject to

16  revocation of your supervised release and returned to prison

17  without getting any credit for the time that you spent out on

18  supervised release.

19            So with respect to restrictions on your liberty, Count

20  One carries a maximum sentence of imprisonment of 20 years, and

21  a maximum term of supervised release of three years.

22            Count Two carries a maximum sentence of imprisonment

23  of five years, and a maximum term of supervised release of

24  three years.

25            Counts Four and Five each carry a maximum sentence of

L7Q3VETP                    Plea

imprisonment of 20 years, and a maximum term of supervised

release of three years.

Count Six carries a maximum sentence of imprisonment

of 20 years, and a maximum term of supervised release of three

years.

Count Eight carries a maximum sentence of imprisonment

of 20 years, and a maximum term of supervised release of three

years.

Count Nine carries a maximum sentence of imprisonment

of 20 years, and a maximum term of supervised release of three

years.

Count 14 carries a maximum sentence of imprisonment of

five years, and a maximum term of supervised release of three

years.

And Count 15 carries a maximum sentence of

imprisonment of 10 years, and a maximum term of supervised

release of three years.

This means that the total maximum sentence of

incarceration on all counts, if you were to receive the maximum

for each count and they were to run consecutively, would be 145

years of imprisonment.

In addition to these terms of imprisonment, the

possible penalties also include certain financial penalties.

I'm going to go over each of the financial penalties that you

face.  Many of them are similar, but they are each individually

L7Q3VETP                          Plea

1    applicable.

2              With respect to each of the following counts, Count

3    One, Count Two, Count Six, Count Eight, Count Nine, Count 14,

4    and Count 15, for each of these counts, the maximum possible

5    penalty is the greatest of $250,000 or twice what was made by

6    the criminal activity or twice what was lost by someone other

7    than yourself as a result of the criminal activity.

8              Counts Four and Five each carry a maximum possible

9    fine of the greatest of $5 million or twice what was made by

10   the criminal activity or twice what someone other than yourself

11   lost because of the criminal activity.

12             In addition, for each count of conviction, there is a

13   mandatory special assessment of $100 that must be imposed, as I

14   said, for each count of conviction.

15             Sir, has anybody threatened you or coerced you in any

16   way to get you to plead guilty?

17             THE DEFENDANT:  No, your Honor.

18             THE COURT:  Has anyone, other than the prosecution,

19   and solely by way of the prosecution's plea agreement, offered

20   you anything or promised you anything to get you to plead

21   guilty?

22             THE DEFENDANT:  No, your Honor, no one has.

23             THE COURT:  As I just referenced, there is an

24   agreement between you and the government concerning this plea;

25   is that correct?

L7Q3VETP                      Plea

1           THE DEFENDANT:  That is correct, your Honor.

2           THE COURT:  Have you read this agreement?

3           THE DEFENDANT:  Yes, I have.

4           THE COURT:  Have you discussed it with your lawyer?

5           THE DEFENDANT:  Yes, I have, your Honor.

6           THE COURT:  Did you sign the agreement?

7           THE DEFENDANT:  Yes, I did, your Honor.

8           THE COURT:  Did you read it and discuss it with your

9    lawyer before you signed it?

10          THE DEFENDANT:  Yes, your Honor, I did.

11          THE COURT:  I want to go over some of the terms in

12   this plea agreement.  In this plea agreement, it is understood

13   that you will be ordered to make restitution in an amount

14   ordered by the Court.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  In addition, in this plea agreement you

18   are admitting to the forfeiture allegations with respect to

19   Count One of the indictment, and you've agreed to forfeit to

20   the United States an interest that was acquired or maintained

21   as a result of the racketeering activity charged in Count One.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  In addition, you are admitting to the

25   forfeiture allegations with respect to Counts Two, Four through

L7Q3VETP                    Plea

1    Six, Eight, Nine, 14 and 15, and that you've agreed to forfeit

2    to the United States any and all real property, real or

3    personal property that constitutes or is derive from the

4    commission of the offenses alleged in Counts Two, Four through

5    Six, Eight, Nine, 14 and 15.

6              Do you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  As we discussed earlier in this agreement,

9    you understand that as a result of your conviction and

10   sentence, that you may face serious adverse immigration

11   consequences in the United States?

12             Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Have you discussed those possible

15   immigration consequences with your counsel?

16             THE DEFENDANT:  No, your Honor.

17             THE COURT:  Okay.  Do you understand that you may be

18   prohibited from legally entering the United States as a result

19   of your conviction?

20             THE DEFENDANT:  Yes, I am aware of that, yes, your

21   Honor.

22             THE COURT:  Have you discussed that with a lawyer?

23             THE DEFENDANT:  Yes, yes.

24             THE COURT:  You understand that you may be prohibited

25   from becoming a naturalized United States citizen because of

1   this conviction?

2           Do you understand that?

3           THE DEFENDANT:  Yes, your Honor, I do.

4           THE COURT:  Do you understand that you'll have no

5   right to withdraw this guilty plea based on any actual or

6   perceived immigration consequences that result from the guilty

7   plea and conviction?

8           Do you understand that?

9           THE DEFENDANT:  Yes, your Honor, I do.

10          THE COURT:  As I stated earlier, you've agreed in this

11  plea agreement that you won't challenge your conviction or

12  sentence on direct appeal or through any collateral challenge,

13  sometimes called a habeas petition, habeas motion, based on any

14  actual or perceived immigration consequences.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor, I do.

17          THE COURT:  In addition, I understand that this plea

18  agreement refers to the possibility that the government may

19  advise the sentencing judge by letter that you've given the

20  government substantial cooperation which could lead to the

21  reduction in your potential prison sentence.

22          Do you understand that this plea agreement does not

23  absolutely require that the government submit such a letter?

24  Do you understand that?

25          THE DEFENDANT:  Yes, your Honor, I do.

L7Q3VETP                      Plea

1          THE COURT:  And that the government may freely choose

2    not to submit a letter based on its assessment of your

3    compliance with the plea agreement and the extent of your

4    cooperation.

5          Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  You would still be bound by your plea,

8    bound by your plea agreement and by your guilty plea today,

9    regardless of the government's decision about whether to file a

10   letter on your behalf.

11         Do you understand all that?

12         THE DEFENDANT:  Yes, your Honor I do.

13         THE COURT:  We discussed previously the possible

14   maximum punishment available under the statutes and the crimes

15   that you are intending to plead guilty to.  I want you to

16   understand that those terms are advisory, and that the judge

17   who sentences you will be required to conduct a calculation

18   under the sentencing guidelines which are advisory, meaning not

19   mandatory, and then impose a sentence based on what he believes

20   is the appropriate sentence for you.

21         Do you understand that?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  And that you will not be permitted to

24   withdraw your guilty plea based on the sentence that is

25   imposed.  Do you understand that?

L7Q3VETP                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  In determining that sentence, the Court

3     will consider, in addition to the guidelines, and any

4     departures from those guidelines, all of the factors that are

5     set forth in our sentencing statute, which you can find at

6     Title 18 of the United States Code, Section 3553(a).  Those

7     factors include the nature and circumstances of the offense and

8     the history and characteristics of you, the defendant.  The

9     need for the sentence imposed, the kinds of sentences that are

10    available, the sentencing range provided under the guidelines,

11    the need to avoid sentencing disparities and the need to

12    provide restitution to victims.  In addition, the Court will

13    consider the presentence report which will be prepared by the

14    probation department in advance of your sentencing.  Before you

15    are sentenced, you and the government will have an opportunity

16    to challenge the facts that are reported by the probation

17    officer.

18          Do you understand all of that, sir?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Sir, now that you have been advised of the

21    charges against you and the possible penalties that you face

22    and all of the rights that you will be giving up, is it still

23    your intention to plead guilty to the various counts within

24    this indictment?

25          THE DEFENDANT:  Yes, your Honor.  That's my intention.

L7Q3VETP                         Plea

1          THE COURT:  Okay.  I am going to go through each of

2     the counts and ask how you plead.

3          With respect to the Count One for racketeering

4     conspiracy, how do you plead?

5          THE DEFENDANT:  Guilty.

6          THE COURT:  With respect to Count Two for conspiracy

7     to commit securities fraud, how do you plead?

8          THE DEFENDANT:  Guilty.

9          THE COURT:  With respect to Count Four for securities

10     fraud, the act of securities fraud, how do you plead?

11          THE DEFENDANT:  Guilty.

12          THE COURT:  With respect to Count Five, which also

13     charges you with the act of securities fraud, how do you plead?

14          THE DEFENDANT:  Guilty.

15          THE COURT:  With respect to Count Six, which charges

16     you with conspiracy to commit wire fraud, how do you plead?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  With respect to Count Eight, which charges

19     you with the act of wire fraud, how do you plead?

20          THE DEFENDANT:  Guilty.

21          THE COURT:  With respect to Count Nine, which also

22     charges you with the act of wire fraud, how do you plead?

23          THE DEFENDANT:  Guilty.

24          THE COURT:  With respect to Count 14, which charges

25     you with conspiracy to defraud the United States, how do you

L7Q3VETP                    Plea

1    plead?

2              THE DEFENDANT:  Guilty.

3              THE COURT:  And finally, with respect to Count 15,

4    which charges you with theft of public funds, how do you plead?

5              THE DEFENDANT:  Guilty.

6              THE COURT:  Thank you, sir.

7              Can you tell me in your own words what you did that

8    makes you believe that you are guilty of these charges in the

9    indictment.

10             MR. GUHA:  Your Honor, it is Mr. Guha.  May I state

11   one thing at the outset that will be brief?

12             THE COURT:  Yes.

13             MR. GUHA:  Your Honor, sometimes it is easier to do an

14   overall allocution as to opposed to count by count, and we and

15   Mr. Vettivetpillai's other attorneys have worked to craft an

16   allocution that covered all of the counts.  And we based it,

17   tailoring it to his circumstances, on a similar type of

18   allocution that occurred in this case and was accepted earlier

19   in this litigation.

20             So, with the Court's permission, that's how we would

21   intend to proceed, subject to the Court's review, of course.

22             THE COURT:  Thank you.  I'm happy to proceed in that

23   fashion.  And then I will turn my inquiry to the government in

24   the first instance to ask whether or not the government is

25   satisfied with the allocution with respect to each of the

L7Q3VETP                    Plea

1    relevant counts and whether there are any specific followup

2    inquiries that they request I make.

3            MR. GUHA:  Thank you.

4            THE COURT:  Thank you.  All right.

5    Mr. Vettivetpillai, I understand that you have prepared a

6    written remark.  To the extent you are going to be reading to

7    that, I will remind you to please speak slowly.

8            THE DEFENDANT:  Yes, your Honor.  If I'm going too

9    fast, please ask me to slow down.

10           May I start, your Honor?

11           THE COURT:  Please.

12           THE DEFENDANT:  From April 2016 to March 2018, I

13   worked for Abraaj Capital Dubai Limited, a private equity firm

14   headquartered in Dubai that invested in companies based in

15   emerging markets.  I joined Abraaj after it merged with Aureos

16   Capital Limited in July 2012, where I had worked for 12-plus

17   years, and had most recently served as CEO.  The merger came

18   about after I first met Abraaj's founder and CEO, Arif Naqvi,

19   in 2011, at which time he told me he was interested in a merger

20   because Abraaj was looking to expand into emerging markets

21   where Aureos was a respected and established firm.

22           During the due diligence for the merger, Arif and

23   others at Abraaj made representations to me and others at

24   Aureos that Abraaj was in good financial health and had a

25   strong balance sheet.  We also inspected Abraaj's books and

L7Q3VETP                        Plea

records.  The due diligence appeared to confirm Arif's

representations that Abraaj had ample liquidity and very little

debt.

From April 2017, one of my Dubai-based partners began

to confide in me that Abraaj's financial condition was not as

strong as Arif had led me to believe.  For example, the partner

told me that Abraaj was experiencing serious liquidity issues,

specifically to finance its commitments to the funds, and it

was facing regular shortfalls on its balance sheet.  The

partner confiding in me about Abraaj's troubled financial

position had direct access to those records, which I did not.

I believed that what the partner was telling me about Abraaj's

troubled financial position was true.

In a one-on-one meeting with Arif on April 21, 2017, I

demanded greater visibility into Abraaj's financial condition

and immediate changes in the firm's governance to provide

transparency.  When Arif refused, I told him that I was

resigning from the firm and would find other employment before

year end, and gave my formal written notice on December 4,

2017.  For the reasons I will explain now, your Honor, my

greatest regret is that I did not leave Abraaj that day.

In the days that followed, I continued to hear from

the partner that Abraaj was engaged in wrongful conduct.

Specifically, I was told that Abraaj as an enterprise was

engaged in activities to disguise financial improprieties with

L7Q3VETP                        Plea

1    the intent to mislead both existing and prospective investors.

2    I understood that Abraaj members routinely communicated with

3    investors, both existing and prospective, and likely misled

4    them through these means.  I should have raised these concerns

5    with other members of Abraaj, including the board, to take

6    immediate action to investigate.  I also believed, based on my

7    interactions with other members of Abraaj, that Abraaj's

8    financial improprieties implicated certain of the public funds

9    that Abraaj accepted.

10          While I took no affirmative steps to manipulate

11   Abraaj's books and records or otherwise conceal the misconduct,

12   I did not promptly advise either the board or all investors --

13   again, existing or prospective -- of my concerns.  I recognize

14   that my silence added to the misperception that other Abraaj

15   members were advancing about the state of Abraaj's financial

16   well being.  My silence to many investors, as a senior member

17   of Abraaj, delayed serious external inquiry into these issues.

18          When it became clearer to me in February 2018 that

19   misappropriation of investor funds had in fact occurred, I

20   advised the board and all investors to whom I had access.  I

21   appreciate now that I should have raised my concerns earlier.

22          Although my efforts to confirm whether what I was

23   hearing from the Abraaj partner was true was met with

24   resistance by Arif and others, in hindsight, I admit that I

25   could and should have done more to keep pushing for the truth

L7Q3VETP                    Plea

1    and to alert all investors to what I was hearing.  I owed all

2    Abraaj's investors a duty of candor and disclosure, and I

3    breached that duty by not doing more to ensure that they had

4    the same information I had about financial instability and

5    potential misconduct at Abraaj between May 17, 2017, and

6    February 5, 2018.

7              I compromised the integrity of my judgment, and for

8    that I am disappointed with myself and very sorry.  I do accept

9    full responsibility for my role in what happened, and I will

10   regret it for the rest of my life.

11             That's my allocution, your Honor.

12             THE COURT:  Thank you.  Let me turn to the government

13   and ask if you believe that allocution was sufficient for each

14   of the counts or whether there is a specific question you'd

15   like me to ask.

16             MR. THOMAS:  Thank you, your Honor.  Forgive me if I

17   missed it in Mr. Vettivetpillai's recitation.  I heard

18   Mr. Vettivetpillai discuss his decision to knowingly remain

19   silent when he became aware of misconduct at Abraaj.  I did not

20   hear him say that he agreed with others to enable that

21   misconduct going forward.  Perhaps inquiry with respect to his

22   mental state in that regard would clear up the record.

23             THE COURT:  Thank you.

24             Mr. Vettivetpillai, if I can ask you, the government

25   has requested to speak to your engagement in the activity that

L7Q3VETP                     Plea

1    was going on, not just that you were silent, but whether you in

2    fact were in agreement with the conduct.

3           THE DEFENDANT:  Your Honor, could I speak to my

4    counsel on this, your Honor?

5           MR. GUHA:  Your Honor, in anticipation that there may

6    be -- there may arise a moment when we need to communicate, if

7    it suits the Court, I established a separate phone line so I

8    can answer any questions, if that's the best way the Court

9    would like to proceed.

10          THE COURT:  Sure.  That's probably easiest.  So I'm

11   fine with that.

12          MR. GUHA:  So I will and Mr. Vettivetpillai will hit

13   mute.

14          THE COURT:  Very well.  So we'll take a brief recess

15   while we're waiting for you.

16          MR. GUHA:  Great.  Thank you, your Honor.

17          (Pause)

18          MR. GUHA:  This is Samidh and Mr. Vettivetpillai is

19   unmuting as well so I think we can proceed, and again, thank

20   you for everyone's patience.

21          THE COURT:  Mr. Vettivetpillai, are you here?

22          THE DEFENDANT:  Yes, your Honor.  I'm here.

23          Should I respond to the government's point, please?

24          THE COURT:  Please.

25          THE DEFENDANT:  So, during that period that I

L7Q3VETP                      Plea

1   described, I was in regular communications with the Abraaj

2   partner who alert me to the financial improprieties.  Over the

3   course -- over the course of that communication, it was

4   understood between us that I had not elevated and was not

5   elevating his concerns to the Abraaj board, among others.  That

6   is fair to say.

7              THE COURT:  So, just to be clear, it sounds like

8   although you may not agree that you -- you may not state that

9   you agreed with their conduct, you were aware of what was

10  happening, and it was known to others that you knew what was

11  happening, and you were intentionally not stopping it or taking

12  action that was would have prevented the criminal activity.

13             Is that a fair statement?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Mr. Thomas, is that satisfactory?

16             MR. THOMAS:  Your Honor, the government is concerned

17  that it is not satisfactory, because a number of the charges

18  require Mr. Vettivetpillai to acknowledge his intent to

19  defraud, whether that's agreeing with another person in sharing

20  the intent and object of the conspiracy or on the substantive

21  count independently.

22             We would propose, whatever the Court prefers, either

23  that we perhaps have a direct conversation with Mr. Guha about

24  our understanding of the elements, or if that would not be

25  productive in Mr. Guha's judgment, perhaps recessing entirely

L7Q3VETP                    Plea

1    this conference and scheduling it to continue another day.

2              THE COURT:  Is that a conversation that you all can

3    have now?

4              MR. THOMAS:  The government --

5              MR. GUHA:  Yes, your Honor.  From my perspective, we

6    could have that conversation now.

7              THE COURT:  All right.  Tell me how you all want to

8    proceed.  I don't know if it is a conversation that you can go

9    off the record and you can sort of speak in open court or we

10   can take advantage of the line that counsel just used to speak

11   with his client.  How do you want to proceed?

12             MR. THOMAS:  Your Honor, I believe I have Mr. Guha's

13   cell phone number.  So I will just try him directly on a

14   separate line.  That way we don't burden the public and

15   everyone else with the conversation.

16             THE COURT:  Okay.  So we'll take another brief recess

17   so you all can speak.

18             MR. THOMAS:  Thank you, your Honor.

19             (Pause)

20             MR. THOMAS:  This is Andrew Thomas on behalf of the

21   government.

22             THE COURT:  Yes.

23             MR. THOMAS:  After speaking to Mr. Guha, I think it

24   probably would be most efficient and respectful of the Court's

25   time for us to fully adjourn the proceeding, and for the

L7Q3VETP                    Plea

1    parties to reach back out to chambers for a continuation date

2    when appropriate.

3         THE COURT:   Okay.  What does that mean for purposes of

4    what we've already been through?  We had an hour long plea

5    proceeding.

6         MR. GUHA:   Your Honor, I think it means that if we can

7    keep this proceeding open, we wouldn't have to redo all the

8    hard work that's already been put into this.  The narrow

9    question here is, there is things that the government had

10   suggested they would like, some points they would like the

11   allocution to hit.

12        And just so the Court is aware, the only reason we

13   didn't discuss this previously, the allocution, is the

14   government had some concerns about seeing -- about any

15   perception that they were shaping the allocution, which would

16   never happen because Mr. Vettivetpillai is both independent and

17   represented by outside counsel.

18        But, in light of some of what I view as their very

19   minor points that they raised with his allocution, I would like

20   to just ensure the opportunity to talk to Mr. Vettivetpillai

21   without the time pressure and make sure he is completely

22   comfortable.  I do believe they're minor, and I don't think if

23   we regroup it will take terribly long.

24        If the Court deems it appropriate, we certainly would

25   take the view that everything that the Court has already

L7Q3VETP                        Plea

 1   conducted in this proceeding could carry over.  But again,

 2   that's just my take on it.

 3            THE COURT:  Do you have a sense of the timing?  Do you

 4   have a sense of when we would be able to reconvene?

 5            MR. GUHA:  I think if I get off the phone, when we

 6   adjourn this conference, I would speak with Mr. Vettivetpillai

 7   immediately.  And depending on the Court, obviously, we can

 8   meet as early as later today, and I don't mean very late.  Also

 9   given the time differences with London, but within an hour or

10   two, depending on the Court's schedule.

11            THE COURT:  Just confirming my schedule which of

12   course I don't know.  But I think we can probably reconvene, I

13   think, subject to my deputy telling me I'm wrong, at 2 p.m.

14   today.

15            MR. GUHA:  I think that would be sufficient for us.

16            MR. THOMAS:  The government is available at that time,

17   your Honor.

18            THE COURT:  All right.  So let's reconvene at 2 p.m.

19   I'll have my deputy resend the phone number just in case, but I

20   assume it is the same number we're calling in on.

21            MR. GUHA:  Thank you again for all of the Court's

22   indulgences today.  We really appreciate it.

23            THE COURT:  My pleasure.  I'll speak to you all in

24   about two hours.  All right.  We are at recess.

25            MR. THOMAS:  Thank you, your Honor.

L7Q3VETP                    Plea

1      (Recess)

2           THE COURT:  It's Judge Netburn.

3           THE DEPUTY CLERK:  Good afternoon, your Honor.

4           MR. GUHA:  Good afternoon, your Honor.

5           THE COURT:  Good afternoon, everybody.  It's Judge

6      Netburn.  I'll just note for the record that it's now

7      2 o'clock.  We took an adjournment a little before noon on the

8      East Coast so that counsel could have an opportunity to speak

9      in more detail with his client.

10          So, Mr. Guha, why don't I turn it to you at this

11     point.

12          MR. GUHA:  Your Honor, again, thank you for the

13     Court's patience and indulgence.  We've had a chance to speak

14     with the government, as well as a chance to speak independently

15     with my client, and I think he is prepared to just supplement

16     his allocution in a way that I think the government views as

17     being acceptable to satisfy the elements of his plea, as do I.

18     Obviously subject to your Honor's consideration.

19          THE COURT:  Thank you.  Let's begin.

20          MR. GUHA:  So would you like to cover the additional

21     piece of the allocution that we discussed during this period.

22          THE DEFENDANT:  Yes.  All right.  Thank you, your

23     Honor.

24          The additional points to support my allocution are,

25     with respect to each of the counts to which I am pleading

L7Q3VETP                    Plea

1    guilty, I communicated regularly with at least one other member

2    of Abraaj regarding the financial improprieties.  While we did

3    not have a formal agreement, we mutually understood that

4    investors would be misled by our course of action.  We intended

5    by this course of action that the enterprise would be able to

6    continue to raise funds from the investors.  I continued along

7    this path for several months before I finally went to the board

8    in February 2018.

9            Specifically as to the U.S. public funds invested in

10   Abraaj, I do not know the specific amount invested in the

11   enterprise, but I understood that any investment accepted by

12   Abraaj was well in excess of 1,000 U.S. dollars.

13           Thank you, your Honor.

14           THE COURT:  Thank you.  I appreciate that additional

15   allocution and confirmation that you were communicating with at

16   least one other individual, and knew that the nature of your

17   conduct was intended to mislead investors and would in fact do

18   so.

19           Let me turn to Mr. Thomas and ask whether that is a

20   sufficient allocution at this time.

21           MR. THOMAS:  Yes, your Honor.  The government believes

22   that addresses the concern that we raised before.

23           THE COURT:  Thank you.  Any other questions you'd like

24   me to ask Mr. Vettivetpillai?

25           MR. THOMAS:  Nothing from the government, your Honor,

L7Q3VETP                    Plea

1    no.

2              THE COURT:  Thank you.  And do you want to proffer

3    what evidence the government has that would establish guilt

4    beyond a reasonable doubt at trial.

5              MR. THOMAS:  Yes, your Honor.  And in doing so, I'll

6    touch on venue and that will also mention wires, so hopefully

7    satisfy all the various issues we have in front of us.

8              From the government's perspective, as described in the

9    indictment, the government is prepared to prove at trial that

10   Mr. Vettivetpillai joined with others at Abraaj to defraud

11   existing and prospective investors around the world, including

12   investors and prospective investors located in the United

13   States.

14             The fraudulent conduct at Abraaj centered around the

15   misappropriation of investor funds and on the misvaluation of

16   Abraaj's performance in past funds in order to attract new

17   investments.

18             The government is prepared to prove

19   Mr. Vettivetpillai's knowing participation in these schemes

20   through e-mail, instant messages, bank account records,

21   investor agreements, marketing materials, and witness

22   testimony.

23             Those records and testimony would reflect that Abraaj

24   used investor funds to cover liquidity shortfalls, used new

25   investor funds to cover existing investment commitments, and

L7Q3VETP                    Plea

1    delayed promised investments because the funds had been spent

2    improperly on other uses.

3            Abraaj also solicited investments in a new fund, APEF

4    VI, using falsely inflated performance data about its prior

5    fund.  Abraaj personnel, including Mr. Vettivetpillai,

6    concealed and misled investors about the use of their funds in

7    marketing materials during investment presentations and in

8    investor updates.  At least one of the victimized investors was

9    a U.S. agency, and its public funds were misappropriated by

10   Abraaj during the course of the scheme.

11           Finally, the government would establish venue and

12   jurisdiction by showing Abraaj had an office in Manhattan.  The

13   defendant and his co-conspirators sent e-mail messages to and

14   from the district, and the presence of wire transfers of funds

15   to and from the district occurred over the course of the

16   conspiracy.

17           THE COURT:  All right.

18           Mr. Vettivetpillai, based on your responses to my

19   questions, I find you are competent to enter a guilty plea.  I

20   am satisfied you understand your rights, including your right

21   to go to trial, that you are aware of the consequences of your

22   plea, including the sentence that may be imposed, and the

23   possible immigration consequences in connection with the United

24   States that may result, that you are voluntarily pleading

25   guilty, and that you have admitted that you are guilty as

L7Q3VETP                        Plea

1    charged in Count One, Two, Four, Five, Six, Eight, Nine, 14 and

2    15.

3           So I will recommend to District Judge Kaplan that he

4    accept your plea of guilty as to those counts of the

5    indictment, and I'll direct the government order a copy of the

6    transcript and submit it to Judge Kaplan so he may act on my

7    recommendation.

8           Do the parties want a control date at this point?

9           MR. THOMAS:  Sure, your Honor.  Yes, that may be

10   orderly.

11          THE COURT:  Is six months appropriate?

12          MR. THOMAS:  Yes, your Honor.

13          THE COURT:  We will set a control date for January 26.

14   I suppose I should hold off on ordering a presentence report as

15   well.  Does that make sense?

16          MR. THOMAS:  From the government that makes sense.

17          THE COURT:  So I'll not order that a presentence

18   report be prepared until further request from the government.

19   And I will remind the defendant that he is now on bail

20   conditions, we set those earlier this morning.  All the bail

21   conditions that I set earlier this morning continue to apply.

22   Even though you've now entered a guilty plea as to the charges,

23   I'll remind you a violation of those bail conditions can have

24   very serious consequences, including revocation of bail,

25   prosecution for bail jumping.  In addition, if you violate

L7Q3VETP                       Plea

1      those conditions, in addition to possible prosecution for any

2      crimes, it may result in the government revoking your

3      cooperation agreement.

4                 Anything further from the government?

5                 MR. THOMAS:  Nothing further from the government, your

6      Honor.  Thank you, and thank you for accommodating us.

7                 THE COURT:  You're very welcome.

8                 Anything further from defense?

9                 MR. GUHA:  I do have one request, your Honor, and if

10     it is not appropriate for now, I can discuss with the

11     government offline.  Given the nature of the agreement with the

12     government regarding his plea, could we request that the

13     transcript be sealed?

14                THE COURT:  Ordinarily I would request that sort of

15     application is made in writing.  I'll grant the request orally

16     on an interim basis, and direct that the court reporter hold --

17     I think the plea proceeding portion should be under seal.  I

18     don't know if there is any reason why the arraignment needs to

19     be placed under seal.  Do you agree with that?

20                MR. GUHA:  I do agree with that, your Honor.  We can

21     memorialize this after the fact as well.

22                THE COURT:  So I'm going to grant the oral request to

23     place the plea proceedings under seal, and direct that the

24     parties submit a written submission for my consideration.

25                Anything further, counsel?

L7Q3VETP                          Plea

1           MR. GUHA:  Other than to thank the Court again for its

2     indulgence.

3           THE COURT:  Thank you, everybody.  We are adjourned.

4           (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25